UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEADWORKS, INC. | CIVIL ACTION |
| v. | NO. |
| JASH ENGINEERING LTD., JASH USA, INC., AND PRATEEK PATEL | SECTION |
| | JUDGE |
| | MAGISTRATE |
| | JURY TRIAL DEMANDED |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Headworks, Inc. ("Headworks") makes the following allegations of law and fact in support of its Complaint for Injunctive Relief and Damages ("Complaint"):

**Parties, Jurisdiction and Venue**

1. Plaintiff Headworks is a business corporation incorporated under the laws of the State of Texas with its registered office and principal place of business in Harris County, State of Texas.

2. Made Defendants herein are (a) Jash Engineering Ltd. ("Jash"), which, on information and believe is a company organized and existing under the laws of the Republic of India and whose principal place of business and registered address is in the city of Indore, Republic of India, (b) Jash USA, Inc. ("Jash USA"), which, on information and believe is a corporation organized and existing under the laws of the State of Delaware and whose principal place of business and registered address is in the city of Weldon Springs, State of Missouri, and (c) Prateek Patel, who, on information and belief, is a person of the full age of majority and a

domiciliary of the Republic of India and at all times relevant to this Complaint, is and was the managing director and a principal of Jash and directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Jash forming the basis of this Complaint.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Jurisdiction is also proper herein pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121 because Headworks brings its complaint under the provisions of 15 U.S.C. §§ 1119 and 1120 and other provisions of federal law regulating trademarks.

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391. All the Defendants are subject to personal jurisdiction in the Eastern District of Louisiana and are doing business therein by virtue of attending and exhibiting at WEFTEC®, the Water Environment Federation's Annual Technical Exhibition and Conference held at the New Orleans Ernest N. Morial Convention Center on September 27-October 1, 2014.

**Facts Common to All Counts**

5. Headworks is in the business of manufacturing wastewater screening equipment, including Mahr® Bar Screens.

6. On May 23, 2006, Headworks registered "Mahr" as a standard character mark on the Principal Register of the United States Patent and Trademark Office to be used in association with water and wastewater treatment equipment, namely a bar screen for removing debris from waste water flow, in Class 11. *See* Exhibits 1 and 2 attached.

7. On July 31, 2011, Headworks filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 of the Lanham Act with the United States Patent and Trademark Office. *See* Exhibit 3 attached.

8. On September 12, 2011, the United States Patent and Trademark Office issued a Notice of Acceptance under Section 8 accepting Headworks' Section 8 declaration and a Notice of Acknowledgment acknowledging the Section 15 declaration. *See* Exhibit 4 attached.

9. Headworks' registration of the "Mahr" trademark is incontestable and its ownership of the mark is conclusively established for the uses specified in the registration and declaration.

10. Headworks has continuously used the trademark "Mahr" to identify its Mahr® Bar Screens and to distinguish them from those manufactured and sold by others. Headworks has accomplished this by prominently displaying the "Mahr" trademark on packaging, letterheads, bills, advertising, marketing and websites, and in periodicals distributed throughout the United States.

11. Despite repeated demands by Headworks to cease and desist, Jash and Jash USA have used and continue to use the mark "Mahr" in the advertising and sale of their own products that compete with Headworks' "Mahr" bar screens, including in connection with the WEFTEC show.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

12. Headworks repeats and realleges the allegations of ¶¶5-11 above as if fully set forth herein.

13. Defendants' use of confusingly similar imitations of Headworks' marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that

3

Defendants' services are associated or connected with Headworks or have its sponsorship, endorsement or approval.

14. Defendants have used marks confusingly similar to Headworks' federally registered marks in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Headworks' goodwill and reputation as symbolized by its federally registered marks, for which Headworks has no adequate remedy at law.

15. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Headworks' federally registered marks to Headworks' great and irreparable injury.

16. Defendants have caused and are likely to continue causing substantial injury to the public and to Headworks, and Headworks is entitled to injunctive relief and impoundment and destruction of Defendants' infringing products and to recover actual damages, Defendants' profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117, 1118.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

17. Headworks repeats and realleges the allegations of ¶¶5-11 above as if fully set forth herein.

18. By reason of the foregoing, Headworks hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce by Defendants.

19. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Headworks to the great and irreparable injury of Headworks

20. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Headworks, and Headworks is entitled to injunctive relief and impoundment and destruction of Defendants' infringing products and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

21. Headworks repeats and realleges the allegations of ¶¶5-11 above as if fully set forth herein.

22. Defendants' acts referenced hereinabove constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion, to the irreparable injury of Headworks unless restrained by this Court. Headworks has no adequate remedy at law for this injury.

23. Defendants acted with full knowledge of Headworks, its marks, and Headworks' statutory and common law rights therein and without regard to the likelihood of confusion of the public created by Defendants' activities.

24. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Headworks, and to pass off their services as those of Headworks, to the great and irreparable injury of Headworks.

25. As an initial matter, Headworks is entitled to immediate and permanent injunctive relief for the irreparable harm caused by Defendants. As a result of Defendants' acts, Headworks have been damaged in an amount to be determined at trial.

## **Jury Demand**

26. Headworks hereby demands a trial by jury.

WHEREFORE, Headworks prays that:

1. Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently from:

   a. using Headworks' marks or any other copy, colorable imitation or simulation of the Headworks' marks on or in connection with any goods or services of any entity with which Defendants are associated or affiliated;

   b. using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind on or in connection with any goods or services of any entity with which Defendants are associated or affiliated, that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to or dilutive of Headworks' marks;

   c. using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind on or in connection with any goods or services of any entity with which Defendants are associated or affiliated, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Headworks, or are sponsored or authorized by or in any way connected or related to Headworks; and

   d. passing off, palming off, or assisting in passing off or palming off, any goods or services of any entity with which Defendants are associated or affiliated, as those of Headworks, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

2. Defendants be ordered to deliver up for impoundment and for destruction all clothing items, bags, boxes, labels, tags, signs, packages, receptacles, advertising, flyers, sample books, promotional material, stationery or other materials in the possession, custody, or under

the control of Defendants that are found to adopt or to infringe any of Headworks' marks or that otherwise unfairly compete with Headworks and its products and services;

3.  Defendants be compelled to account to Headworks for any and all profits derived by Defendants for products found to violate Headworks' rights, and to pay damages to Headworks for the acts forming the basis of this Complaint;

4.  Based on Defendants' intentional use of Headworks' marks and intentional effort to pass off Defendants' products, Headworks be awarded enhanced profits and trebled damages;

5.  Defendants be required to pay to Headworks the costs of this action and their reasonable attorneys' fees;

6.  Defendants be required to pay prejudgment and post judgment interest on any monetary award; and

7.  Headworks have such other and further relief as the Court may deem just.

Respectfully submitted,

/s/ Duris L. Holmes
Duris L. Holmes (#17629)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201

**Attorneys for Headworks, Inc.**